UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR ALONSO GARCIA SANCHEZ, et al.<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., et al.<br><br>　　　　　　　Defendants. | Case No. 2:23-cv-02244-FLA (KSx)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

1

|   |   |
|---|---|
| 1 | Federal courts are courts of "limited jurisdiction," possessing only "power |
| 2 | authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of* |
| 3 | *Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  Courts are presumed to |
| 4 | lack jurisdiction unless the contrary appears affirmatively from the record.  *See* |
| 5 | *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal |
| 6 | courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the |
| 7 | merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). |
| 8 | Federal courts have jurisdiction where an action arises under federal law or |
| 9 | where each plaintiff's citizenship is diverse from each defendant's citizenship and the |
| 10 | amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. |
| 11 | §§ 1331, 1332(a).  Thus, a notice removing an action from state court to federal court |
| 12 | must include "a plausible allegation that the amount in controversy exceeds the |
| 13 | jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 |
| 14 | U.S. 81, 89 (2014).  Where "the plaintiff contests, or the court questions, the |
| 15 | defendant's allegation" concerning the amount in controversy, "both sides [shall] |
| 16 | submit proof," and the court may then decide whether the defendant has proven the |
| 17 | amount in controversy "by a preponderance of the evidence."  *Id.* at 88–89.  "Federal |
| 18 | jurisdiction must be rejected if there is any doubt as to the right of removal in the first |
| 19 | instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). |
| 20 | The court has reviewed Defendant Volkswagen Group of America, Inc.'s |
| 21 | ("Defendant") Notice of Removal (Dkt. 1) and is presently unable to conclude it has |
| 22 | subject matter jurisdiction under 28 U.S.C. § 1332(a).  In particular, and without |
| 23 | limitation, the court finds that the allegations in the Notice of Removal do not |
| 24 | demonstrate by a preponderance of the evidence that the amount in controversy |
| 25 | exceeds $75,000. |
| 26 | The parties are ORDERED TO SHOW CAUSE, in writing only, within |
| 27 | fourteen (14) days from the date of this Order, why this action should not be remanded |
| 28 | for lack of subject matter jurisdiction because the amount in controversy does not |

exceed the jurisdictional threshold.  The parties are encouraged to submit evidence and/or judicially noticeable facts in response to the court's Order.  Responses shall be limited to ten (10) pages in length.  The parties should consider this Order to be a two-pronged inquiry into the facial and factual sufficiency of Defendant's demonstration of jurisdiction.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

        As Defendant is the party asserting federal jurisdiction, Defendant's failure to respond timely and adequately to this Order shall result in remand of the action without further notice.

        IT IS SO ORDERED.

Dated: July 28, 2023

                                                                                          FERNANDO L. AENLLE-ROCHA
                                                                                           United States District Judge