JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR ALONSO GARCIA SANCHEZ, et al., <br><br>          Plaintiffs, <br><br>     v. <br><br> VOLKSWAGEN GROUP OF AMERICA, INC., et al., <br><br>          Defendants. | Case No. 2:23-cv-02244-FLA (KSx) <br><br> **ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

**RULING**

On February 23, 2023, Plaintiffs Nestor Alonso Garcia Sanchez and Andrea Zamora ("Plaintiffs") initiated this action against Defendant Volkswagen Group of America, Inc. ("Defendant") and DOES 1 through 10 in the Los Angeles County Superior Court.  Dkt. 1-1, Ex. A ("Compl.").  The Complaint alleges three causes of action, all stemming from the Song-Beverly Act.  *Id.*  Plaintiffs seek actual damages, civil penalties, and attorney's fees.  *Id.*

On March 27, 2023, Defendant removed the action to this court based on alleged diversity jurisdiction.  Dkt. 1.  In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.  *Id.* at 3–4.[1]

On July 28, 2023, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy.  Dkt. 17.  Only Defendant filed a response.  Dkt. 18 ("Def. Resp.").

Having reviewed the Notice of Removal and the response to this court's Order to Show Cause, and for the following reasons, the court finds Defendant fails to establish subject matter jurisdiction and accordingly REMANDS this action to the Los Angeles County Superior Court.

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).

---

[1] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

### A.     Actual Damages

At issue here is whether the amount of money Plaintiffs place in controversy with their three Song-Beverly Act claims is sufficient. Under the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). This includes a mileage offset. The offset is calculated by reducing the purchase price by an amount directly proportional to the number of miles driven. *See id.* § 1793.2(d)(2)(C).

Here, Defendant argues that Plaintiffs' prayer for actual damages places $43,684.40 in controversy based on the total amount of payments actually made by Plaintiffs thus far. Def. Resp. at 4. Defendant further calculates the mileage offset as

$808.13. *Id.*[2] Defendants also include the remaining monthly payments under the lease agreement, totaling $11,667.60. *Id.* at 5. The amount of actual damages in controversy, therefore, is $54,544.27. Plaintiffs have not contested these figures, and Defendant's calculations appear proper under the Song-Beverly Act's damages framework. The court, therefore, assumes for purposes of this Order, without making any related legal or factual determinations, that the actual damages Plaintiffs might recover in this action are properly calculated to be $54,544.27.[3]

Defendant argues two additional damages categories bring the amount in controversy to over $75,000: civil penalties and attorney's fees. For the following reasons, however, Defendant fails to demonstrate that the amount in controversy under either of these categories brings the action past the jurisdictional threshold.

**B.    Civil Penalties**

Defendant's inclusion of civil penalties to establish the amount in controversy is highly speculative and insufficient to meet its burden. "A plaintiff who establishes that a violation of the Song-Beverly Act was willful may recover a civil penalty of up to two times the amount of actual damages." *Estrada v. FCA US LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (citing Cal. Civ. Code § 1794(c)) (brackets omitted). However, "'[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed.'" *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208578, at *2 (C.D. Cal.

---

[2] Defendant makes a minor arithmetical error in its calculations. While Defendant states that the amount of payments made thus far ($43,684.40) minus the offset ($808.13) equals $43,876.67, it actually equals **$42,876.67**. *See* Def. Resp. at 4.

[3] Defendant includes in its calculations costs it may have to pay under the Automotive Consumer Notification Act (Cal. Code Civ. Proc. §§ 1793.23, 1793.24). Def. Resp. at 5–6. Costs Defendant may incur to comply with California law are not the same as damages Plaintiffs seek to recover in this action. Defendant cites no authority to suggest that courts should consider costs under §§ 1793.23 or 1793.24 when assessing the amount in controversy for jurisdictional purposes. Accordingly, the court declines to include this amount in its calculation.

June 17, 2022) (remanding action where defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy) (quoting *Castillo v. FCA USA, LLC*, Case No. 3:19-cv-00151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019)). Instead, district courts regularly find that a Song-Beverly Act plaintiff's mere allegations regarding a defendant's willfulness are, without more, insufficient to place civil penalties in controversy. *Estrada*, 2021 WL 223249, at *3 (collecting cases and remanding where defendant's inclusion of civil penalties to establish amount in controversy was "too speculative and not adequately supported by the facts and evidence"). This is because "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied." *Makol v. Jaguar Land Rover N. Am., LLC*, Case No. 5:18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (internal quotation marks removed); *see also Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).

Here, Defendant merely points out that Plaintiffs are seeking a civil penalty. Def. Resp. at 7–8 (citing Compl. ¶ 30). Defendant offers no further argument or evidence supporting the potential awarding of civil penalties. Defendant also fails to prove "that it is reasonable to double the amount of actual damages in arriving [at] the size of the likely award." *Pennon*, 2021 WL 2208578, at *2. This is insufficient.

### C. Attorney's Fees

Defendant's inclusion of attorney's fees to establish the amount in controversy, likewise, is speculative and insufficient to meet its burden. In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016). But, before doing so, a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-

judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

"While a defendant may meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, Case No. 3:21-cv-00857-TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021); *cf. D'Amico v. Ford Motor Co.*, Case No. 2:20-cv-02985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) ("[M]any cases alleging violations of the [Song-Beverly] Act settle early."). Moreover, a defendant fails to show attorney's fees are part of the amount in controversy where it "makes no effort to explain what amount of attorney fees might be sought or awarded in this case, neglecting to include so much as an estimate of the hour or billing rates that might apply." *Vega v. FCA US, LLC*, Case No. 2:21-cv-05128-VAP (MRWx), 2021 WL 3771795, at *4 (C.D. Cal. Aug. 25, 2021); *Garcia v. FCA US LLC*, Case No. 2:20-cv-04779-VAP (MRWx), 2020 WL 4219614, at *3 (C.D. Cal. July 22, 2020).

Defendant fails in its burden with respect to attorney's fees. Defendant does not cite to any similar cases in which the court awarded a specific amount of attorney's fees or provide reasonable lodestar estimates for a potential statutory attorney's fee award in this action. *See D'Amico*, 2020 WL 2614610, at *4. Defendant instead states that "even a mere $5,000.00 in reasonably estimated fees and costs puts Plaintiffs well beyond the $75,000.00 threshold." Def. Resp. at 9.

Prevailing case authority does not support the proposition that district courts weighing subject matter jurisdiction in Song-Beverly Act claims must assume that the upper extreme of attorney's fee awards granted in other Song-Beverly Act cases must be included in the amount in controversy. If this were the law, district courts would

6

be unable to remand Song-Beverly Act cases for insufficient amounts in controversy. District courts, however, regularly do so. *See, e.g., D'Amico*, 2020 WL 2614610; *Sood v. FCA US, LLC*, Case No. 2:21-cv-04287-RSWL (SKx), 2021 WL 4786451 (C.D. Cal. Oct. 4, 2021); *Vega*, 2021 WL 3771795, at *3; *Garcia*, 2020 WL 4219614, at *3. Here, it is Defendant's burden to show, with evidence and to the preponderance standard, that at least $20,456.73 ($75,001 minus $54,544.27) in attorney's fees is in controversy. Given that the removal statute is construed strictly and all doubts are resolved in favor of remand, the court finds Defendant has failed to submit evidence substantiating any specific amount of attorney's fees in controversy.

## CONCLUSION

Thus, the court determines Defendant has failed to demonstrate the amount in controversy exceeds $75,000 and finds that diversity jurisdiction does not exist. The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 23NWCV00578. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: October 31, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge